IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS PIERRE BOULET, Individually and
   On Behalf of All Others Similarly Situated,

                     Plaintiff,

   v.

NATIONAL PRESTO INDUSTRIES, INC.,
   a Wisconsin Corporation,

                     Defendant.

OPINION AND ORDER

11-cv-840-slc

---

On December 20, 2011, plaintiff Dennis Boulet filed a 10-count class action complaint against defendant, National Presto Industries, Inc., asserting causes of action for fraud, negligent representation, breach of warranty and related claims arising from Presto's alleged deceptive claim that its CoolDaddy® Cool Touch Electric Deep Fryer remained cool to the touch when used as directed. Boulet filed his claim on behalf of a nationwide class of individuals who had purchased a CoolDaddy® from November 2007 to the present. Before the court are plaintiff's motion to amend his complaint (dkt. 60) accompanied by a motion to certify the class proposed in his amended complaint (dkt. 62) and defendant's motion to dismiss or for a more definite statement (dkt. 90). For the reasons stated below, I am denying all three motions.

As filed, plaintiff's initial complaint satisfied the requirements for jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2): the proposed class consisted of more than 100 members, at least one of whom is a non-Wisconsin citizen (Presto is incorporated and has its principal place of business in Wisconsin), and the aggregate amount in controversy exceeded $5 million. 28 U.S.C. § 1332(d)(5) and (6). However, on December 21, 2012, this court denied Boulet's motion for class certification. Dkt. 54. In addition to finding that Boulet had failed to meet his burden of showing commonality under Rule 23(a)(2), this court found

that litigating the case as a class action was not more efficient than separate trials because of the individualized nature of proof that would be required to establish reliance and causation and the differing state laws that would apply to the class members' claims. *Id*. at 17-25. Therefore, certification was not warranted under Rule 23(b)(3). The court also denied Boulet's motion for class certification under Rule 23(b)(2), finding that Boulet had not appropriately defined the nature of the injunctive relief he sought and because he could not show that this proposed class was cohesive and homogeneous or that the requested declaratory and injunctive relief was "of an indivisible nature." *Id*. at 26.

In response to that order, Boulet filed a motion for reconsideration in which he challenged only this court's finding that he had lacked evidence sufficient to meet his burden of showing the existence of a common question of law or fact under Rule 23(a)(2). As for the court's findings under Rules 23(b)(2) and (b)(3), Boulet proposed that those concerns be rectified by allowing him to file an amended complaint raising claims under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) and for unjust enrichment, on behalf of a class consisting only of individuals who purchased a CoolDaddy® fryer in the state of Florida from November 2007 to the present. According to Boulet, proceeding under Florida law would obviate the need for individualized inquiry into reliance and scienter because these are not elements that need to be proven to establish a claim under the FDUTPA.

On May 24, 2013, this court granted Boulet's motion for reconsideration, reversing its finding that Boulet had failed to meet his burden of meeting Rule 23(a)(2)'s commonality requirement. This leads to the pivotal question now before the court, namely whether to permit Boulet to file his proposed amended complaint limited to a Florida-only class and Florida claims.

Presto avers, without objection, that it shipped 53,266 CoolDaddies® to Florida during the relevant time period, producing a gross revenue of $1,621,929. This means that the pared-down amended complaint fails to allege the minimum $5 million amount-in-controversy as required for federal jurisdiction under CAFA, 28 U.S.C. § 1332(d)(2). Boulet does not dispute this. Instead, he argues that because this court had CAFA jurisdiction over his *initial* complaint, under the time-of-filing rule, *see, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938), the court retains jurisdiction over his reconfigured proposed class action complaint no matter what. Presto, on the other hand, argues that Boulet's proposed amended complaint falls prey to an exception to the time-of-filing rule, which provides that "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007).

As discussed below, Presto has the better argument. Accordingly, I am denying Boulet's motion for leave to amend his complaint on the ground that it would be futile.

## OPINION

### I. Rule 16's Good Cause Requirement

Before considering whether the proposed amended complaint is futile, it is necessary to address Presto's preliminary contention that this court should deny leave to amend because Boulet has not shown good cause for amending the court's scheduling order. Generally, a motion for leave to amend a complaint is evaluated under F.R. Civ. P. 15(a)(2), which provides that courts should "freely give leave when justice so requires." *Alioto v. Town of Lisbon*, 651 F.3d

3

715, 719 (7th Cir. 2011). However, Boulet's motion to amend his complaint was filed on January 4, 2013, approximately eight months after the April 30, 2012 deadline set forth in this court's scheduling order. *See* Pretrial Conf. Order, dkt. 14. In this situation, courts first consider whether the plaintiff has met the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) are satisfied.[1] *Alioto*, 651 F.3d at 719. "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Id*. (quoting *Trustmark Ins. Co. v. General & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005)).

Presto argues that Boulet has not acted with the diligence required in order for a finding of good cause under Rule 16(b)(4). Presto points out that Boulet has known since the inception of this case that he was likely to fail in his attempt to have Wisconsin law applied to a nationwide class of CoolDaddy® purchasers, insofar as this court all but told him so in its order on Presto's motion to dismiss back in May of last year. Order, May 7, 2012, dkt. 19, at 6 (declining to dismiss for lack of subject matter jurisdiction under CAFA, but noting that "certification of a nationwide class of CoolDaddy® purchasers seems unlikely"). Presto argues that if Boulet were diligent, then he would have amended his complaint then or at least proposed an alternate Florida-only class when he moved for class certification.

Although Presto's points are well taken, they do not persuade me that Boulet has failed to act in good faith. In spite of its warning to Boulet that he was unlikely to prevail on a motion

---

[1] Presto argues that Boulet also must satisfy the "excusable neglect" standard of Rule 6(b)(1)(B), which governs extensions of motions deadlines. Presto does not cite and I have not found a case in the Seventh Circuit in which a court has applied Rule 6(b)(1)(B) to a motion to amend a complaint filed after the deadline set in a Rule 16 Scheduling Order. In any case, Presto's arguments regarding excusable neglect and good cause are the same. Accordingly, I will confine my analysis to Rule 16(b)(4)'s "good cause" requirement.

for certification of a nationwide class, the court did not rule out the possibility entirely, noting that the Seventh Circuit had "not yet gone so far as to say that [nationwide class] actions simply cannot be brought." *Id*., at 6.  Boulet had at least colorable grounds to think this case might be the exception to the general rule, insofar as Presto is headquartered here and Wis. Stat. § 100.18 lacks a territorial limitation.  Finally, when Boulet did receive the final word that his proposed nationwide class indeed would not be certified, he promptly moved to amend his complaint, filing his motion within two weeks after this court issued its order denying certification.  On these facts, I am satisfied that Boulet acted diligently enough to warrant modification of this court's scheduling order.

## II. Rule 15(a) Futility

Having found that Boulet has shown the requisite diligence, the court now must determine whether to permit the amendment under Rule 15(a).  The Court of Appeals for the Seventh Circuit has noted that

> [a]lthough the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile.

*Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002).  An amendment is considered futile if, for example, it could not defeat a motion to dismiss for failure to state a claim or for lack of jurisdiction.  *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir.1997) (standard for determining whether a proposed amended complaint would be futile "is the same standard of legal sufficiency that applies under Rule 12(b)(6)");

*Dark Horse Trading Co. v. Walt Disney Co.*, 1999 U.S. Dist. LEXIS 7896 (N.D. Ill. May 14, 1999) (holding that if plaintiffs cannot establish personal jurisdiction over proposed defendants, Rule 15(a) motion to amend would be futile).  Presto argues that the proposed amended complaint is futile because it would not survive a motion to dismiss for lack of subject matter jurisdiction.

As noted previously, Boulet concedes that as proposed, his new, pared-down complaint does not satisfy CAFA's $5 million aggregate amount-in-controversy requirement.  According to Boulet, this is irrelevant:  all that matters is that this court had CAFA jurisdiction over his initial complaint.

If Boulet had filed this case initially in state court and *Presto* had invoked federal jurisdiction by removing it to federal court, then Boulet indisputably would be correct.  As the cases cited by Boulet make clear, the general rule that "nothing filed after a notice of removal affects jurisdiction," which has a pedigree hailing back to *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539 (1824), applies with equal force to cases filed under CAFA.  *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 381 (7th Cir. 2010); *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805 (7th Cir. 2010); *United Steel v. Shell Oil Co.*, 602 F.3d 1087, 1089 (9th Cir. 2010); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir. 2009).  In *Cunningham*, 592 F.3d at 806-07, the Seventh Circuit reviewed the statutory language and held that in a case removed under CAFA, jurisdiction attaches when the case is *filed* as a class action (assuming there are at least 100 class members and $5 million at stake) and survives even if the district court denies class certification.  The court further explained that its holding was consistent with the policies behind the general rule, namely a desire to minimize expense and delay by preventing cases from being shunted between court systems.  *Id*. at 807.

In *Burlington*, 606 F.3d at 381, the court saw no reason to reach a different conclusion "when the post-removal change is not the district court's denial of class certification but is instead the plaintiffs' decision not to pursue class certification." The considerations of expense and delay were no different, and "in addition, allowing plaintiffs to amend away CAFA jurisdiction after removal would present a significant risk of forum manipulation." *Id*. The court pointed out that the Senate Judiciary Committee, in its report on CAFA, noted that without the time-of-filing rule, "plaintiffs who believed the tide was turning against them could simply always amend their complaint months (or even years) into the litigation to require remand to state court." *Id*. (quoting S. Rep. No. 109-14, at 70-71, *reprinted in* 2005 U.S.C.C.A.N. 3, 66).

In this case, however, the situation is the opposite of that presented in *Cunningham, Burlington* and most of the other cases cited in Boulet's brief: here, the *plaintiff* initially chose the federal forum. In this instance, argues Presto, jurisdiction is governed by an exception to the time-of-filing rule, which is that "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 & n.6 (2007). As the court noted in dicta in *Cunningham Charter Corp., supra*,

> There are, it is true, exceptions to the principle that once jurisdiction, always jurisdiction, notably where a case becomes moot in the course of the litigation. Or, if the plaintiff amends away jurisdiction in a subsequent pleading, the case must be dismissed. . . . These points are applicable to the Class Action Fairness Act . . ..

592 F.3d at 807; *see also Pintando v. Miami–Dade Hous. Agency*, 501 F.3d 1241 (11th Cir. 2007) ("When [plaintiff] amended his complaint and failed to include a Title VII claim or any other federal claim, the basis for the district court's subject-matter jurisdiction ceased to exist, and the

district court should have dismissed [plaintiff]'s state claims without prejudice."); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir.1985) ("[A] plaintiff must be held to the jurisdictional consequences of a voluntary abandonment of claims that would otherwise provide federal jurisdiction.").

*Rockwell* concerned, in part, whether the Court should look at the plaintiff's original complaint or the amended complaint to determine if he was an "original source" of the information alleged in his *qui tam* action brought under the False Claims Act, which was a statutory prerequisite to federal court jurisdiction under the Act. *Id*. at 473-74. The Supreme Court concluded that the withdrawal of allegations in an amended complaint which had formed the basis of federal jurisdiction defeated jurisdiction. *Id*. Although the Court acknowledged the general time-of-filing rule that applies in removal cases, it observed that "removal cases raise forum-manipulation concerns that simply do not exist when it is the *plaintiff* who chooses a federal forum and then pleads away jurisdiction through amendment." *Id*. at n.6 (emphasis in original).

The Court of Appeals for the Seventh Circuit made the same observation in *Wellness Community-National v. Wellness House*, 70 F.3d 46 (7th Cir. 1995), a case cited with approval by the Court in *Rockwell*. In *Wellness Community-National*, the plaintiff's original complaint raised both federal law and state issues, asserting that the court had federal question jurisdiction over the federal claims and diversity jurisdiction over the state law claims. *Id*. at 49. Shortly before trial, however, the court granted plaintiff's motion to file a First Amended Complaint, which dropped all the federal claims and alleged only diversity jurisdiction. Although the defendant contested jurisdiction on the ground that amount in controversy requirement was not met, the

district court should have dismissed [plaintiff]'s state claims without prejudice."); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir.1985) ("[A] plaintiff must be held to the jurisdictional consequences of a voluntary abandonment of claims that would otherwise provide federal jurisdiction.").

*Rockwell* concerned, in part, whether the Court should look at the plaintiff's original complaint or the amended complaint to determine if he was an "original source" of the information alleged in his *qui tam* action brought under the False Claims Act, which was a statutory prerequisite to federal court jurisdiction under the Act. *Id*. at 473-74. The Supreme Court concluded that the withdrawal of allegations in an amended complaint which had formed the basis of federal jurisdiction defeated jurisdiction. *Id*. Although the Court acknowledged the general time-of-filing rule that applies in removal cases, it observed that "removal cases raise forum-manipulation concerns that simply do not exist when it is the *plaintiff* who chooses a federal forum and then pleads away jurisdiction through amendment." *Id*. at n.6 (emphasis in original).

The Court of Appeals for the Seventh Circuit made the same observation in *Wellness Community-National v. Wellness House*, 70 F.3d 46 (7th Cir. 1995), a case cited with approval by the Court in *Rockwell*. In *Wellness Community-National*, the plaintiff's original complaint raised both federal law and state issues, asserting that the court had federal question jurisdiction over the federal claims and diversity jurisdiction over the state law claims. *Id*. at 49. Shortly before trial, however, the court granted plaintiff's motion to file a First Amended Complaint, which dropped all the federal claims and alleged only diversity jurisdiction. Although the defendant contested jurisdiction on the ground that amount in controversy requirement was not met, the

case proceeded to trial. In a post-trial memorandum opinion, the trial court found that even if diversity jurisdiction had been lacking, the court had retained supplemental jurisdiction over the state law claims because the complaint as originally filed contained both federal and state law counts arising out of the same facts and because it would be a waste of judicial resources, expensive and unfair to the parties if the case had to be retried in state court. *Id*.

Noting that it was "well established that the amended pleading supersedes the original pleading," the court of appeals found that the jurisdictional inquiry had to proceed on the basis of the First Amended Complaint, not the original one:

> Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . . Thus, our jurisdictional inquiry must proceed on the basis of the First Amended Complaint, not the original one.

*Wellness Community-National,* 70 F.3d at 49, quoting 6 C. Wright, A. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1476 at 556–57, 559 (1990). The court observed that "[a]lthough amendments that affect the court's subject matter jurisdiction are rare, for obvious reasons, they plainly can occur," *id*., citing as an example Rule 19(a)'s recognition that an amendment adding a person who may be required for just adjudication of the case might "deprive the court of jurisdiction over the subject matter." *Id*. After examining the record, the court of appeals found that the amount-in-controversy requirement had not been met and therefore the district court had not had diversity jurisdiction over the Amended Complaint, which was the operative pleading. *Id*.

The district court did not have supplemental jurisdiction either, said the court, because "once the First Amended Complaint superseded the original complaint, there was no federal

claim to which these state claims could be 'supplemental.'" *Id.*, 70 F.3d at 50. As the court explained:

> No one would quarrel with the proposition that the First Amended Complaint could not have given rise to supplemental jurisdiction if it had been the first and only complaint filed in the case. The result does not differ because it was an amended complaint. (The rule in removal cases is slightly different: after a defendant removes a case from state to federal court, a plaintiff cannot defeat the federal court's jurisdiction by amending to claim an amount less than the required amount in controversy. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 [. . .] (1938). Any other rule would effectively defeat the defendant's statutory right to remove in diversity cases, see 28 U.S.C. § 1441(b).)

*Id.* at 50. Finally, addressing the district court's concern about the expense to the parties of further proceedings, the appellate court remarked: " Parties are always put to some expense when they litigate in the wrong court and then suffer a jurisdictional dismissal, but this does not override the important principle that the federal courts are courts of limited jurisdiction." *Id.*

Boulet has not cited any cases holding that these same principles would not apply in a non-removal case under CAFA. The closest he comes is *Morrison v. YTB International, Inc.*, 649 F.3d 533 (7th Cir. 2011), but the facts are inapposite. In that case, the plaintiffs filed a proposed class action under the Illinois Consumer Fraud Act, in which they sought to represent a nationwide class of people who had participated in the defendant's home-travel-agency program. *Id.* at 535. After finding that plaintiffs' claims under the Illinois Consumer Fraud Act were limited to persons who lived in Illinois, the district court then dismissed the Illinois residents' claims under CAFA's intra-state controversy exception, 28 U.S.C. § 1332(d)(4). *Id.* The court of appeals held that this was a violation of the time-of-filing rule: the plaintiffs "ha[d] never proposed a class limited to residents of Illinois" and it was the size of the proposed class and the

10

stakes on the date the suit was filed that governed, not the class as pared down by the court's legal rulings. *Id*. In this case, by contrast, the plaintiff *has* chosen to propose a class limited to Florida residents, with the amount at stake reduced to ⅓ of the $5 million jurisdictional threshold.

Having reviewed the cases and CAFA's legislative history, I am persuaded that in this instance, the time-of-filing rule yields to the rule that when a plaintiff files an amended complaint, the court looks to the amended complaint to determine whether it has jurisdiction. As CAFA's legislative history and the Seventh Circuit's decisions in its CAFA removal cases make clear, nothing in CAFA purports to alter well-established law concerning the effect of post-filing or post-removal events on federal jurisdiction. The Senate Judiciary Committee expressly noted that although

> questions regarding events occurring after a complaint is filed or removed to federal court will, of course, arise under [CAFA], those same (or, at least, very similar) questions arise in current practice on jurisdictional issues . . . the "rules of the road" on such issues are already established, and [CAFA] does not change them.

S. Rep. No. 109-14, at 70-72, *reprinted in* 2005 U.S.C.C.A.N. 3, 65-67.

As already noted above, the Seventh Circuit explicitly pointed out in *Cunningham* that an exception to the principle that "once jurisdiction, always jurisdiction" is when "the plaintiff amends away jurisdiction in a subsequent pleading" and that such an exception would apply to a case brought under CAFA. 592 F.3d at 807 (citing *Rockwell*). The court repeated this observation in *In re Burlington*, 606 F.3d at 381 (citing *Rockwell*) and noting that "though it is sometimes possible for a plaintiff who sues in federal court to amend away jurisdiction, removal cases present concerns about forum manipulation that counsel against allowing a plaintiff's

11

post-removal amendments to affect jurisdiction." Viewed together, these authorities provide persuasive support for Presto's position that the time-of-filing rule does not apply in this case.

Apart from insisting that the time-of-filing rule dictates this case, Boulet has not offered any reasons why the *Rockwell* exception does not or should not apply to his proposed amended complaint, which he concedes does not meet the requirements for federal jurisdiction under CAFA. As a result, I agree with Presto that this court must deny Boulet's motion to amend his complaint. Perforce, I will deny Boulet's motion to certify his newly-proposed class and will deny Presto's motion to dismiss the amended complaint. We are left with Boulet's complaint against Presto, which remains viable; the court will hold a telephonic status conference with the parties at the end of the month to re-set the schedule for the remainder of this lawsuit.

## ORDER

IT IS ORDERED that:

1) Plaintiff Dennis Boulet's motion to amend his complaint, dkt. 60, is DENIED on the ground that his proposed Amended Complaint would be futile for lack of subject matter jurisdiction;

2) Plaintiff's motion for class certification under the class definition specified in the Amended Complaint, dkt. 62, is DENIED as moot; and

3) Defendant's motion to dismiss the Amended Complaint, dkt. 90, is DENIED as moot.

Entered this 6th day of August, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge